UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER J. ROACHE,

                Plaintiff,

     v.                                                    9:18-CV-0698
                                                          (GLS/TWD)

GLENN S. GOORDE et al.,

                Defendants.
_____

APPEARANCES:

WALTER J. ROACHE
Plaintiff, pro se
CNYPC
P.O. Box 300
Marcy, NY 13403

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court in this civil rights action brought pro se by plaintiff Walter Roache is Plaintiff's Amended Complaint. Dkt. No. 6. Plaintiff submitted this pleading in response to the Court's Decision and Order filed July 12, 2018. See Dkt. No. 5 (the "July Order").

**II.    ORIGINAL COMPLAINT**

In his the original Complaint, Plaintiff asserted claims arising out of his confinement at Oneida Correctional Facility ("Oneida C.F."), Fishkill Correctional Facility ("Fishkill C.F."), and the Central New York Psychiatric Center (CNYPC). See generally Dkt. No. 1 ("Compl."). Construing the Complaint liberally, Plaintiff alleged the following: (1) Fourteenth Amendment

due process claims related to his confinement in Oneida C.F. and Fishkill C.F.; (2) constitutional claims related to the use of handcuffs, shackles, chains, and "black box" at Fishkill C.F. and CNYPC; and (3) state law claims. *See* Compl. at 12. In the July Order, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the Court severed and transferred the claims that arose while Plaintiff was incarcerated at Fishkill C.F., along with the defendant associated with those claims, Superintendent William Connell, to the United States District Court for the Southern District of New York. Dkt. No. 5 at 7-8. Upon review of the remaining claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and as discussed at length in the July Order, the Court concluded that Plaintiff's claims that arose while he was confined at Oneida C.F. fell outside the three-year statute of limitations applicable to Section 1983 actions and are thus time-barred. *Id.* at 9-11. With respect to the use of restraints, the Court dismissed the constitutional claims, without prejudice, holding that the Complaint lacked facts suggesting that the use of physical restraints was a "departure from accepted professional judgment" or that any defendant acted with a "lack of objective reasonableness." *Id*. at 14, 16.

### III.     SUFFICIENCY OF THE AMENDED COMPLAINT

The legal standard governing the dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July Order and will not be restated here. *See* Dkt. No. 5 at 2-4. Taking into account plaintiff's pro se status, the Court construes the allegations in the Amended Complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings

2

drafted by lawyers.").

Upon review of the Amended Complaint, the Court finds that Plaintiff has failed to remedy the pleading deficiencies identified in the July Order. The Amended Complaint includes no new factual allegations against defendants; indeed, while the Amended Complaint contains a new caption, omitting Connell's name, the allegations are identical to those in the Complaint reviewed in the July Order.

As a result, the Court finds that Plaintiff has not alleged facts in the Amended Complaint which plausibly suggest that his due process claims arising out of his confinement at Oneida C.F. are timely or that his Fourteenth Amendment rights were violated with the use of restraints at CNYPC. As a result, and for the reasons set forth in the July Order, this action is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).[1]

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 6) fails to state a claim for the violation of Plaintiff's constitutional rights upon which this Court may grant relief and this action is therefore **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order and the

---

[1] In a letter, Plaintiff seeks guidance from the Court regarding (1) whether he must file an action in the Southern District and (2) the applicability of "exhaustion" to his claims. (Dkt. No. 7.) Plaintiff is advised that neither the Court nor the Clerk's Office staff may provide Plaintiff with legal advice. In an effort to assist Plaintiff with his action, the Court directs the Clerk to send Plaintiff a copy of this District's Pro Se Manual and Local Rules.

District's Pro Se Manual and Local Rules on Plaintiff by regular mail.

**IT IS SO ORDERED.**

September 20, 2018
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge